**No. 51361.**—Protest ·122693–K of Washington State Liquor Control Board (Seattle).

Opinion by KEEFE. J.    It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage.    In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer.    The protest was sustained to this extent.

BEFORE THE FIRST DIVISION, OCTOBER 18, 1946

**No. 51362.**—Protest 121130–K of L. Heller & Son (New York).

Opinion by OLIVER, P. J.    From the testimony of the witnesses and by a preponderance of the evidence it was held that the plaintiff established that the stones in question are known in the trade as semiprecious stones, are bought and sold as such, and are also suitable for use in the manufacture of jewelry.    The claim at 10 percent under paragraph 1528 was therefore sustained.

**No. 51363.**—Protests 759056–G, etc., of W. J. Bush & Co., Inc., et al. (New York).

Opinion by OLIVER, P. J.    Following the authorities cited in Abstract 15400 the court dismissed the protests.